■ PRUDENTIAL SECURITIES CREDIT CORP., LLC, Plaintiff-Respondent, v TEEVEE TOONS, INC., et al., Defendants-Appellants. [791 NYS2d 95]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 10, 2004, which, to the extent appealed from, granted plaintiff's motion for a declaration of entitlement to retain a manager to exploit and rehabilitate certain collateral, such right not subject to a matching right by defendant TeeVee Toons, unanimously affirmed, with costs.

This action arises out of the default by defendant TeeVee Catalog Enterprises, under a secured loan transaction entered into with plaintiff's predecessor-in-interest. Plaintiff sought declaratory relief to prevent defendants from interfering with its right to rehabilitate and/or dispose of the collateral in the manner of its choosing. Defendants' suggestion to the contrary notwithstanding, plaintiff is not required to commence a new declaratory judgment action simply to enforce its rights to collateral to which it has already been found entitled.

Plaintiff had a right to exploit and rehabilitate the collateral by retaining a manager for that purpose. Indeed, UCC 9-610 (a) authorizes plaintiff, as a secured lender, to "sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." Nothing in the law or the parties' transaction agreements precludes the retention of an interim manager to effect a commercially reasonable rehabilitation of the collateral. Defendants, on the other hand, do not have a matching right to designate such a manager. Plaintiff has broad discretion in exercising its default remedies (*see Bankers Trust Co. v Dowler & Co.*, 47 NY2d 128, 133 [1979]). Defendants have not demonstrated that plaintiff's actions in that regard are contrary to the transaction documents and/or applicable provisions of the UCC, or are otherwise commercially unreasonable. Concur—Tom, J.P., Andrias, Williams, Gonzalez and Catterson, JJ.